UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20893-Cr-Moreno

UNITED STATES OF AMERICA

    Plaintiff;

v.

MONTY RAY GROW

    Defendant.
_____/

JEFFERY R. GROW, as Trustee and on
behalf of Monty R. Grow Domestic Asset
Trust, owner of 5803 Mariner St., Tampa,
and the managing member of MG 10
Land, LLC, trustee of the 4110 W. Sevilla
St., Tampa, FL Land Trust.

    Petitioner.
_____/

**VERIFIED PETITION FOR HEARING TO ADJUDICATE
THIRD-PARTY OWNERSHP OF THE 5803 MARINER AND
4110 W. SEVILLA FORFEITED SUBSTITUTE PROPERTIES**

On June 11, 2021, the Government moved pursuant to 21 U.S.C. §853(p) to forfeit two pieces of real property, 5803 Mariner Street, Tampa, Florida ("Mariner") and 4110 W. Sevilla Street, Tampa, Florida ("Sevilla"), which the Government identified as "substitute" assets and "property" of the Defendant Monty R. Grow. Dkt. 362. Section 853(p) by its express terms only permits the Government to forfeit substitute "*property of the defendant*" in the event that certain conditions enumerated in §853(p)(A) are met. As explained below, Mariner and Sevilla are and have been owned by third parties for some time and are not "property of the defendant" that is subject to forfeiture. The Court's Order forfeiting Mariner and Sevilla as substitute property must be withdrawn.

Jeffery R. Grow, Trustee of the Monty R. Grow Domestic Asset Trust, the owner of Mariner, and the managing and controlling member of MG 10 Land, LLC, the trustee of the 4110 W. Sevilla Street Tampa, Florida Land Trust which owns Sevilla (together referred to as "Petitioner"), petitions the Court pursuant 21 U.S.C. §§853(n)(2) and (p), for a 90 day-period of time for discovery, the opportunity to move for summary judgement after that time, and if necessary, a hearing to adjudicate the validity of the Petitioner's ownership interest in these two parcels of Florida real property which the Court incorrectly forfeited in its Order of June 15, 2021. Dkt. 364.

1. **Petition Is Timely Filed**

The Government posted notice of the Court's Order of forfeiture of substitute assets (Dkt. 364) at Sevilla and Mariner on June 28, 2021, together with a copy of the Indictment and the Judgment against Defendant Grow. The Petition, therefore, is timely under §853(n)(2) as it is filed within thirty (30) days from the Trustee's receipt of the posted notice.

2. **The Time and Circumstances of the Petitioner's Acquisition of the Right, Title, or Interest in the Mariner and Sevilla Property.**

In 2016, Monty R. Grow, the Defendant in the underlying action, sought to provide for the protection of his minor child by establishing an irrevocable trust pursuant to Florida law over which he had no control and could not benefit from. Though explained more clearly below, Defendant effectively gifted the Mariner property (his then home) to that trust and put the controlling interest in Sevilla into a limited liability company, organized and existing in the State of Florida (MG 10 Land, LLC. hereinafter the "MG 10"). MG 10, is the trustee, and the beneficiary of the separate land trust of which Sevilla is the res. A former NFL player, Defendant acquired those properties with untainted funds. He was free to gift those properties for the protection of his daughter. *See Luis v. U.S.,* _ U.S._, 136 S. Ct. 1083 (2016) (pretrial

freeze of defendant's untainted assets violates 6th Am.). Defendant no longer owns those two properties. Rather, as explained below, those two properties are owned and controlled by trusts or MG 10 for the benefit of a minor child.

Defendant Monty R. Grow, as a grantor, established the Monty R. Grow Domestic Asset Protection Trust dated October 1, 2016 ("DAPT"), prior to his November 29, 2016, Indictment (Dkt. 1) and February 5, 2018, conviction in the underlying matter. *See* **Exhibit A.** DAPT is an irrevocable trust established pursuant to Florida law. Monty Grow is neither a beneficiary or trustee of DAPT. As explained further below, Monty Grow has no control or access to the DAPT. The trust's sole beneficiaries are Mr. Grow's minor daughter, who is currently age 11, and any children he may have in the future. Jeffrey R. Grow, the brother of Defendant, is and always has been the Trustee since the DAPT's inception.

DAPT owns the Mariner Street property. The Mariner property was formerly owned by Defendant, though he still retains a life estate and it continues to be his homestead. The Defendant deeded the Mariner property to the DAPT on October 31, 2016. **Exhibit B.** Due to a scrivener's error, a new deed correcting the scrivener's error and relating back to October 31, 2016, was filed on January 20, 2020. **Exhibit C.** Nonetheless, the Mariner Street property has always been contemplated to be part of the DAPT, subject to an enhanced life estate of Mr. Grow, to preserve the property for his daughter in the event of his untimely death.

Sevilla is controlled by MG 10 and is owned by a Florida land trust. Beginning on October 31, 2016, DAPT acquired and still owns a controlling membership interest (51%) in MG 10. As of October 31, 2016, MG 10 is the trustee of the "4110 W. Sevilla St. Tampa Florida, 33629 Land Trust Dated October 1, 2016" which owns Sevilla. *See* **Exhibits D and E.** DAPT's controlling membership interest in MG 10 is an asset of DAPT. MG 10 was established on or

about May 20, 2015. Defendant was initially the manager of MG 10 and was removed and replaced by Jeffery R. Grow on October 1, 2016. *See* **Exhibit F**.

### 3. In addition to Owning the Properties, Petitioner Exercises Control and Dominion Over Them.

To be clear, the Defendant has no ownership or controlling interest in the DAPT or its assets, Mariner and Sevilla. The DAPT trust document provides that Monty Grow, "retains no right, title, or interest in the outcome of principal of this trust or any other incident of ownership of trust property." Exhibit A, §1.04. Moreover, the DAPT explicitly requires that the Trustee shall "hold, administer, and dispose of all trust property…for the benefit of my beneficiaries…." *Id.* Moreover, the DAPT forbids the Trustee from distributing "income or principal of the trust to or for my benefit, under any circumstances." *Id.* The only right that Mr. Grow maintains is the right to be domiciled and declare Mariner as his Homestead during his life. This is a contemplated preservation of the Constitutional Homestead Exemption maintained in a trust.

The DAPT not only owns Mariner and controls the trust that owns Sevilla, but the DAPT exercises full ownership and control over these two properties since inception of the DAPT in October 2016.[1] The DAPT, for example, has its own tax id and a bank account controlled solely by the Trustee. The DAPT hired a property manager and maintains the two properties. On behalf of DAPT, the property manager keeps up the lawn, maintains the pools, and performs any other maintenance (e.g., repairs, pressure washing house, landscaping). Through MG 10 which it controls, the Trustee for the DAPT rents out Sevilla and is a signatory to the lease. The DAPT

---

[1] The only exception to the DAPT's total control is that for a period of time, prior to his incarceration in 2018 Defendant was permitted to live in the Mariner property, which was always his homestead, subject to his payment of his expenses. *Id.* at §3.01. Obviously, Defendant has not resided at Mariner since he was incarcerated, though he intends to return to Mariner and considers it his homestead. The Trustee of DAPT has the right in his sole discretion to hold the Mariner property or to sell it. *Id.*

4

also rents the Mariner property on a short term basis. DAPT pays property taxes and insurance to preserve the property.

### 4.  Additional Factors for Consideration.

In sum, under Florida law, Mariner is owned by DAPT; its name appears on the title. *Hagopian v. Zimmer*, 653 So. 2d 474, 475 (Fla. 3d DCA 1995) (Florida law presumes that the person whose name appears on a legal title is the property's owner). So too with Sevilla. Sevilla is owned by a Florida land trust and is property of MG 10. The ownership of these properties vested in these entities before the Indictment and before conviction, and the Trustee has exercised dominion and control over them.

Section 853(p) only permits the forfeiture of substitute assets "any other property of the Defendant;" it is a condition precedent to statute's application to substitute property. Subsection (c) of §853 -- the relation back provision -- does not apply to Petitioner's substitute property which was acquired by non-tainted funds and was conveyed to the present owners long ago. *U.S. v Egn*, 2015 U.S. Dist. Lexis 106769 at *11 (S.D.N.Y. 2015) (no relation back provision for substitute assets). The "acts" which purportedly give rise to an interest in and the forfeiture of substitute property of the Defendant occurs *at the time* when the Government demonstrates that offense property cannot be obtained as a result of any act or omission of the defendant." 21 U.S.C. §853(p)(1). *U.S. v. Espada*, 128 F. Supp 3d 555, 566 (2015). Prior to that time, the Government cannot acquire an interest in the Defendant's substitute property. Therefore, acquired in 2016, Petitioner's interest in Mariner and Sevilla "vested in the petitioner rather than the defendant…at the time of the commission of the acts which gave rise to the forfeiture of the property…." *Id.* citing 21 U.S.C. § 853(n)(6)(A).

5. **Relief Sought by Petitioner**

Petitioner requests that the Court permit a 90-day period of discovery, set a 120 deadline for any dispositive motion, and in the event this matter is not disposed of by motion, to hold a hearing to adjudicate its interest in the properties designated above and to determine that his interests are not subject to forfeiture. Having found in Petitioner's favor, the Court should amend the preliminary order of forfeiture in accordance with its findings of fact and conclusions of law to excerpt the Mariner and Sevilla properties from forfeiture.

Respectfully submitted,

/s/ A. Brian Albritton

A. Brian Albritton
Florida Bar No.: 0777773
**PHELPS DUNBAR LLP**
100 S. Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (813) 472-7557
Fax: (813) 472-7570
E-mail: Brian.Albritton@phelps.com

Attorneys for Petitioner

**VERIFICATION**

I, the undersigned Petitioner, swear, under penalty of perjury, that the facts stated in this Petition are true and correct, to the best of my knowledge and recollection.

7/27/2021
Date

Jeffery R. Grow, as Trustee and on behalf of Monty R. Grow Domestic Asset Trust, owner of 5803 Mariner St., Tampa, and the managing member of MG 10 Land, LLC, trustee of the 4110 W. Sevilla St., Tampa, FL Land Trust

6

**CERTIFICATION OF SERVICE**

I hereby certify that on the 27th day of July, 2021, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system.

/s/ A. Brian Albritton
A. Brian Albritton